**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1672**

_____

KASSAHUN ASFAW,

                    Petitioner,

          v.

LORETTA E. LYNCH, Attorney General,

                    Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: April 13, 2015                Decided: May 26, 2015

_____

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

Alan M. Parra, LAW OFFICE OF ALAN M. PARRA, for Petitioner. Joyce R. Branda, Acting Assistant Attorney General, Lyle Davis Jentzer, Alison Marie Igoe, Senior Counsels for National Security, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kassahun Asfaw, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and withholding under the Convention Against Torture ("CAT"). The IJ found that Asfaw's testimony was not credible and that he was not eligible for asylum or withholding of removal under 8 U.S.C. § 1158(b)(2)(A)(i) (2012), and 8 U.S.C. § 1231(b)(3)(B)(i) (2012). We deny the petition for review.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2012). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2012). An applicant for relief from removal bears the burden of establishing eligibility for relief. 8 C.F.R. § 1240.8(d) (2014); Quitanilla v. Holder, 758 F.3d 570, 579 (4th Cir. 2014). When the evidence indicates that there are grounds for the mandatory denial of relief, the alien has the burden of proving by a preponderance of the evidence that the bar to relief does not apply. 8 C.F.R. § 1240.8(d); Quitanilla, 758 F.3d at 579.

2

An alien who is found to have "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion," is not eligible for asylum or withholding of removal. 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i).

We review issues of law de novo and factual issues under the substantial evidence standard. Pastora v. Holder, 737 F.3d 902, 905 (4th Cir. 2013). Thus, adverse credibility findings are reviewed for substantial evidence. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). A trier of fact who rejects an applicant's testimony on credibility grounds must offer "specific, cogent reason[s]" for doing so. Id. (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony . . . ." Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks omitted). We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). The IJ may not rely on "'speculation, conjecture, or an otherwise unsupported personal opinion' to discredit an applicant's testimony or [his] corroborating evidence." Marynenka v. Holder, 592 F.3d 594, 601 (4th Cir. 2010) (quoting

3

Tewabe, 446 F.3d at 538). When the Board adopts and affirms the IJ's decision, and supplements it with its own opinion, as in this case, we review both decisions. Cordova v. Holder, 759 F.3d 332, 337 (4th Cir. 2014).

We conclude that substantial evidence supports the adverse credibility finding. Asfaw's testimony was clearly inconsistent with statements he made to the asylum officer. We further conclude that the IJ did not err by not crediting Asfaw's explanation for the inconsistencies. See Hui Pan v. Holder, 737 F.3d 921, 930 (4th Cir. 2013).

Substantial evidence also supports the IJ's finding that during Asfaw's employment with the Ministry of the Interior for the Ethiopian government during the Mengistu regime, Asfaw assisted in the persecution of others. The evidence clearly indicates that the "persecutor bar" could apply to Asfaw's applications for asylum and withholding of removal. Pastora, 737 F.3d at 906. Our consideration of Asfaw's testimony and his statements to the asylum officer convinces us that Asfaw failed to show by a preponderance of the evidence that the persecutor bar did not apply to him. Id. We therefore find no error with the determination that Asfaw was not statutorily eligible for asylum or withholding of removal.

To qualify for protection under the CAT, an alien bears the burden of proof of showing "it is more likely than not that he

4

or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2014). To state a prima facie case for relief, an alien must show that he or she will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2014); see Saintha v. Mukasey, 516 F.3d 243, 246 & n.2 (4th Cir. 2008). The applicant need not prove the torture would be inflicted on account of a protected ground. Dankam v. Gonzales, 495 F.3d 113, 116 (4th Cir. 2007). We review for substantial evidence the denial of relief under the CAT, id. at 124, and we conclude that substantial evidence supports the finding that Asfaw did not establish that it was more likely than not that he will be tortured if he returns to Ethiopia.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5